FILED'11 JUN 20 14:29USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERTA A. LILLIE,

        Plaintiff,

   v.

NANCY HOWTON,

        Defendant.

Case No. 1:11-cv-00595-CL

**ORDER**

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and
Recommendation, and the matter is now before this court. See 28
U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).  When either party
objects to any portion of a Magistrate Judge's Report and
Recommendation, the district court makes a de novo determination
of that portion of the Magistrate Judge's report.  28 U.S.C. §
636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach.,
Inc., 656 F. 2d 1309, 1313 (9th Cir. 1981).

    Here, in response to the Report and Recommendation, plaintiff

1 - ORDER

moved to file a "first amended petition and award equitable
tolling."  I consider plaintiff's motion to file an amended
petition to be an objection to the Report and Recommendation, and
review this matter de novo.

## DISCUSSION

Magistrate Judge Clarke recommends dismissing this action on
two independent grounds:  because plaintiff failed to state a
claim against the only defendant, Nancy Howton, who is the
superintendent of the Coffee Creek Correctional Facility; and
because plaintiff's claim is barred by the two-year statute of
limitations.  I will address only the statute of limitations issue
because it is dispositive.

Plaintiff alleges that on October 12, 2006, while being
transported from prison to a medical examination, she fell and
injured herself.  Plaintiff states that on October 31, 2006, she
filed both a grievance and a separate tort claim about her injury;
on November 3, 2006, the prison stayed the grievance procedure
pending the outcome of the tort claim; and the tort claim was
denied on February 7, 2007.  Plaintiff commenced this action on
May 16, 2011.

In Oregon, claims under 42 U.S.C. § 1983 are subject to a
two-year statute of limitations.  Sain v. City of Bend, 309 F.3d
1134, 1139 (9th Cir. 2002).  Because an inmate may not bring an
action in this court before exhausting available administrative
remedies with the prison, "the applicable statute of limitations
must be tolled while a prisoner completes the mandatory exhaustion

2 - ORDER

process." <u>Brown v. Valoff</u>, 422 F.3d 926, 943 (9th Cir. 2005).

Here, plaintiff's claim accrued on October 12, 2006, when her alleged injury occurred. <u>Maldonado v. Harris</u>, 370 F.3d 945, 955 (9th Cir. 2004) (claim under § 1983 accrues when the plaintiff knew or should have known about the injury on which the claim is based). Plaintiff exhausted her administrative remedies on February 7, 2007, when her tort claim was denied and she chose not to appeal the denial. The two-year statute of limitations began to run on that day. Plaintiff's subsequent litigation of a state habeas proceeding did not toll the statute of limitations. Because plaintiff waited four years after exhausting administrative remedies to file her complaint, this action must be dismissed with prejudice.

Plaintiff contends that equitable tolling should rescue her otherwise time-barred claim. Equitable tolling may be appropriate "when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time," such as when a plaintiff presents "overwhelming evidence" that she was completely disabled during the limitations period. <u>Stoll v. Runyon</u>, 165 F.3d 1238, 1242 (9th Cir. 1999). The burden is on the plaintiff to show equitable tolling is justified. <u>See</u> <u>Hinton v. Pacific Enters.</u>, 5 F.3d 391, 395 (9th Cir. 1993).

Plaintiff argues that equitable tolling should apply while she sought counsel from February 2007 to October 2008. Time spent seeking counsel does not justify equitable tolling, and even if I excluded those months from the calculation, this action would

3 - ORDER

still be time-barred by two years.  In her complaint, plaintiff
alleges that she "currently has dizzy spells, no memory retention,
and some short-term memory loss," but plaintiff does not allege
that these problems prevented her from timely filing a complaint.

Because the statute of limitations has run, allowing
plaintiff to file an amended complaint would be futile.  See
Deutsch v. Turner Corp., 324 F.3d 692, 718 n.20 (9th Cir. 2003).
I ADOPT the Report and Recommendation of Magistrate Judge Clarke.

### CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#7) is
adopted.  Plaintiff's motions for appointment of counsel (#4), and
to file a first amended petition (#10), are denied.  This action
is dismissed with prejudice.

IT IS SO ORDERED.

DATED this _20_ day of June, 2011.


OWEN M. PANNER
U.S. DISTRICT JUDGE

4 - ORDER